COPY

## IN THE CIRCUIT COURT OF TENNESSEE
## IN THE JUDICIAL DISTRICT FOR DAVIDSON COUNTY

KAREN GIFFORD,

    Plaintiff,

v.

SENSIO, INC.,

    Defendant.

No.
Div.
JURY DEMANDED

## COMPLAINT

### INTRODUCTION

1. Defendant Sensio, Inc., ("Sensio" or "Defendant") designs, manufactures, markets, imports, distributes, and sells a wide-range of consumer kitchen products, including the Subject "Bella 8qt 10 in 1 Multicooker," which specifically includes the Model Number M-80B30AG (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendant Sensio boasts that its pressure cookers feature a "[s]afety locking lid [that] unlocks only once pressure is released."[1] Despite Defendant's claims of "safety",[2] they designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still

---

[1] *See* https://www.bellahousewares.com/wp-content/uploads/2017/05/14595_BELLA_8qt-Pressure-cooker-instruction-manual.pdf (last accessed September 20, 2021).
[2] *See* Bella 8qt 10 in 1 Multicooker Model Number M-80B30AG Owner's Manual, pg. 4.

**EXHIBIT 1**

inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages including, but not limited to, 2nd degree burns to her abdomen, left forearm, hand, and wrist, and upper thighs. Additionally, the shock from the release of the scalding hot contents directly led to Plaintiff suffering a heart attack.

4. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendant ignored and/or concealed their knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her,

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF KAREN GIFFORD

7. Plaintiff Karen Gifford is a resident of Nashville, Davidson County, in the State of Tennessee.

8. A few years ago, Plaintiff received a new pressure cooker as a gift from her sister, Model Number M-80B30AG.

9. On or about January 22, 2021, Plaintiff suffered serious and substantial burn injuries and a heart attack, as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety locking lid,"[3] which purports that "the lid will not come off when it is in the LOCK position." In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT SENSIO, INC.

10. Defendant Sensio, Inc. designs, manufactures, markets, imports, distributes, and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

11. Defendant Sensio, Inc. is Delaware Corporation, with its principal place of business in New York.

12. Defendant Sensio, Inc. may be served by serving its registered agent for service of process CT Corporation located at 28 LIBERTY STREET, NEW YORK, NY, United States, 10005.

## JURISDICTION AND VENUE

13. Venue in this Court is proper because the incident giving rise to this action occurred in Tennessee.

14. This Court has personal jurisdiction over Defendant Sensio, Inc., pursuant to Tenn.

---

[3] *Id.*

Code Ann. § 20-2-223 because Defendant, *inter alia*, regularly transacts business in the state of Tennessee and has derived substantial revenue from such business and have caused tortious injury in the state of Tennessee through their acts and/or omissions.

15. The Court is additionally authorized to exercise personal jurisdiction over Defendant Sensio, Inc., because Sensio enjoy numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiff's claims for relief against Defendant arise out of or relate to Defendant's contacts with Tennessee.

16. This Court's exercise of personal jurisdiction over Defendant comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

## FACTUAL BACKGROUND

17. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

18. Sensio boasts that its Bella pressure cookers feature a "[s]afety locking lid [that] unlocks only once pressure is released."[4]

19. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

21. However, the aforementioned pressure cooker was defectively and negligently

---

[4] *See* https://www.bellahousewares.com/wp-content/uploads/2017/05/14595_BELLA_8qt-Pressure-cooker-instruction-manual.pdf (last accessed September 20, 2021).

designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

22. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

23. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

24. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

25. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continue to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of their pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

26. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure

Cooker.

27. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CONDITIONS PRECEDENT

28. All conditions precedent have been satisfied or excused.

## COUNT I – STRICT LIABILITY

29. Plaintiff re-alleges and incorporates paragraph 1-28 of this Complaint as if fully stated herein.

30. Defendant Sensio, Inc., designed, manufactured, produced, assembled, and distributed the pressure cooker and placed the pressure cooker into the stream of commerce.

31. The pressure cooker was in a "defective condition" that was "unreasonably dangerous" when it left Defendant's final possession, custody, and control as defined by TENN. CODE ANN. § 29-28-102(2) and (8) and as described below.

32. The pressure cooker is a "product" within the meaning of TENN. CODE ANN. § 29-28-102(5).

33. The defective condition in the pressure cooker allows consumers like Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second-, and third-degree scald burns.

34. Plaintiff in this case used her pressure cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

35. The subject pressure cooker was not materially altered or modified after being manufactured by the Defendant and before being used by Plaintiff.

36. On the date of the incident, Sensio's "product," as defined by TENN. CODE ANN. § 29-28-102(5), the pressure cooker, was within its "anticipated life," as defined by TENN. CODE ANN. § 29-28-102(1).

37. The defects in the pressure cooker allow the lid to open while the unit was still pressurized directly rendered the pressure cooker defective and were the direct and proximate result of Defendant's strictly liable conduct and failure to use reasonable care in designing, testing, manufacturing, and promoting the pressure cookers.

38. The operation and performance of the pressure cooker failed to meet the "Consumer Expectation Test" as that term is understood under Tennessee law.

39. The pressure cooker's defective and unreasonably dangerous condition actually and proximately caused Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff, Karen Gifford, demands judgment against Defendant, Sensio, Inc., in a fair and reasonable amount to be determined by the jury and not to exceed $5,000,000.00 for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II - NEGLIGENCE

40. Plaintiff re-alleges and incorporates Paragraphs 1-27, 31-32, 36, 38 of this Complaint as if fully stated herein.

COPY

41. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

42. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

43. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

44. At the time in which the pressure cooker was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its pressure cookers were dangerous and created an unreasonable risk of harm to consumers.

45. Defendant had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its pressure cookers likely to be dangerous.

46. As a direct and proximate result of Defendant's failure to warn of the dangers of its pressure cookers, the Plaintiff in this case suffered injuries and damages described herein.

47. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure cookers were still pressurized, Defendant continued to

COPY

market (and continue to do so) its pressure cookers to the general public.

48. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff, Karen Gifford, demands judgment against Defendant, Sensio, Inc., in a fair and reasonable amount to be determined by the jury and not to exceed $5,000,000.00 for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III – VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

49. Plaintiff re-alleges and incorporates Paragraphs 1-27 of this Complaint as if fully stated herein.

50. Plaintiff purchased the subject pressure cooker.

51. The subject pressure cooker is Plaintiff's personal property.

52. Defendant designed, manufactured, produced, assembled, supplied, and distributed the subject pressure cooker and placed the subject pressure cooker into the stream of commerce.

53. Defendant conducted trade or commerce by designing, manufacturing, producing,

COPY

assembling, supplying, and distributing the pressure cooker and placing the subject pressure cooker into the stream of commerce.

54. Defendant chose to omit feasible and available materials and technologies from the circular saw that would have prevented Plaintiff's injuries and damages in this case.

55. At all times material herein, Defendant warranted and represented that its pressure cookers were safe and free of defects in materials and workmanship and that they possessed certain "safety mechanisms", including "safety lid lock."

56. Defendant's warranties and representations that its pressure cookers were safe and free from defects, including that they possessed "safety mechanisms," would influence a reasonable consumer's decision whether to purchase the pressure cookers.

57. By representing that the subject pressure cookers were safe and free from defects with the safety mechanisms described above, when they are in fact not safe or free from defects, Defendant committed at least the following enumerated unfair or deceptive acts or practices:

   a. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

   b. Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

   c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have; and

   d. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

58. Defendant's failure to warn of its pressure cookers defects was a material omission that would influence a reasonable consumer's decision whether to purchase its Pressure cookers.

59. Plaintiff and/or her family relied on the truth of Defendant's warranties and representations concerning the pressure cookers, and Plaintiff suffered personal damages as result of this reliance.

60. Had Plaintiff and/or her family been adequately warned concerning the likelihood that the pressure cooker's lid could be removed while pressurized, they would have taken steps to avoid damages by not purchasing this product. As a result of these violations of consumer protection laws, the Plaintiff in this case has incurred and will incur: serious physical injury, pain, suffering, loss of income, loss of opportunity, loss of family and social relationships, and medical and hospital expenses and other expense related to the diagnosis and treatment thereof, for which the Defendant is liable

61. By choosing to omit feasible and available materials and technologies from the pressure cooker that would have prevented Plaintiff's injuries and damages in this case, Defendant committed an unfair, deceptive, and unlawful practice affecting trade or commerce within the meaning of the Tennessee Consumer Protection Act of 1977.

62. Defendant therefore violated the Tennessee Consumer Protection Act of 1977.

63. Defendant's violation of the Tennessee Consumer Protection Act of 1977 actually and proximately caused actual damages to Plaintiff's pressure cooker and has rendered Plaintiff's pressure cooker inoperable and valueless.

64. Defendant's violation of the Tennessee Consumer Protection Act of 1977 actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff, Karen Gifford, demands judgment against Defendant, Sensio, Inc., in a fair and reasonable amount to be determined by the jury and not to exceed $5,000,000.00 for all injuries and damages she sustained due to the incident giving rise to this

action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

Plaintiff KAREN GIFFORD, prays for the following relief against Defendant SENSIO, INC., for the following:

i. Compensatory damages in an amount that the trier of fact deems just, not to exceed the sum of Five Million Dollars ($5,000,000);

ii. All costs of the Court and all discretionary costs, including but not limited to all expert fees, court reporter fees, exhibit expenses, deposition expenses, any other litigation expenses, and any and all other costs allowable by statute, common law and/or pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, be taxed to the Defendant immediately upon entry of any judgment in this cause;

iii. All pre-judgment interest and post judgment interest allowable by common law or statute as part of the relief requested herein;

iv. Trial by jury on all issues; and

v. Such other further relief as this Honorable Court deems appropriate.

### JURY DEMAND

Plaintiff, KAREN GIFFORD, hereby demands a jury trial on all issues so triable.

DATED: November 15, 2021                      Respectfully Submitted,

                                              /s/ Joshua D. Moore
                                              JOSHUA D. MOORE
                                              Tennesesse Bar No. 026491

**HARRIS I. YEGELWEL** *pro hac vice*
*forthcoming*
Florida Bar No. 0124285
**Morgan & Morgan, P.A.**
20 North Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Primary Emails:
Joshmoore@forthepeople.com;
hyegelwel@forthepeople.com
Secondary email:
Tcminer@forthepeople.com;
jsamulonis@forthepeople.com
Telephone Phone: (407) 420-1414
*Attorney for Plaintiff*

COPY

EFILED 11/15/21 12:41 PM CASE NO. 21C1993 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**            NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20ᵀᴴ JUDICIAL DISTRICT

Service ID 262958

KAREN GIFFORD

                         Plaintiff

vs.

SENSIO, INC.
28 LIBERTY STREET
C/O CT CORPORATION
NEW YORK, NY 10005

                         Defendant

CIVIL ACTION
DOCKET NO. 21C1993
Method of Service:
  Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 11/15/2021

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _[signature]_

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JOSHUA DUSTIN MOORE
20 N. ORANGE AVENUE, 14TH FLOOR
ORLANDO, FL 32801

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

**CIRCUIT COURT SUMMONS**            NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 262958

KAREN GIFFORD

Plaintiff

vs.

SENSIO, INC.
28 LIBERTY STREET
C/O CT CORPORATION
NEW YORK, NY 10005

Defendant

CIVIL ACTION
DOCKET NO. 21C1993
Method of Service:
Personal Service

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner: _____

_____ failed to serve this Summons within 90 days after its issuance because _____ _____

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

# AFFIDAVIT OF SERVICE

**State of Tennessee**  **County of Davidson**  **District Court**

Case Number: 21C1993

Plaintiff:
**Karen Gifford**

vs.

Defendant:
**Sensio, Inc.**

For:
Harris I. Yegelwel
Morgan & Morgan, P.A.
20 N. Orange Ave.
Suite 1600
Orlando, FL 32801

Received by Aallen Bryant & Associates, Inc. on the 19th day of November, 2021 at 11:39 am to be served on **Sensio, Inc. c/o R/A CT Corporation System, 28 Liberty Street, New York, FL 10005**.

I, Joshua Lee, being duly sworn, depose and say that on the **29th day of November, 2021 at 3:15 pm**, I:

**SERVED** the within named corporation/entity by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me to: **Kartik Pandya** as employee of the **Registered Agent (Company) for Sensio, Inc. at 28 Liberty Street, New York, FL 10005** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: Asian, Height: 6'0", Weight: 190, Hair: Brown, Glasses: N

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am of legal age, and have no interest in the above action.

STATE OF New Jersey

Subscribed and Sworn to before me on the 30th day of November, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

Jacqueline N. Sanchez
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES 09/26/2023

Joshua Lee
Process Server

Aallen Bryant & Associates, Inc.
P.O. Box 3828
Orlando, FL 32802-3828
(407) 872-0560

Our Job Serial Number: LAB-2021011840
Ref: 11366845

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c

COPY

EFILED 12/02/21 09:56 AM CASE NO. 21C1993 Richard R. Rooker, Clerk



COPY

# CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 262958

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

**KAREN GIFFORD**

Plaintiff

vs.

**SENSIO, INC.**
**28 LIBERTY STREET**
**C/O CT CORPORATION**
**NEW YORK, NY 10005**

Defendant

CIVIL ACTION
DOCKET NO. 21C1993
Method of Service:
Personal Service

Date 11/29/21  Time 3:15 pm
Initials JL   ID # 20as110-DCA

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 11/15/2021

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _[signature]_

Deputy Clerk

**ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:**
JOSHUA DUSTIN MOORE
20 N. ORANGE AVENUE, 14TH FLOOR
ORLANDO, FL 32801

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018